[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action commenced by the plaintiff, Peter Lombardo d/b/a CT Page 13237 Lombardo Construction against the defendant John E. Matava.
The plaintiff brings this action in a single count alleging a breach of contract.
The defendant filed a counterclaim against the plaintiff in a single court alleging a breach of contract.
The case was consolidated on March 26, 2001 with a case also pending in this Judicial District entitled The J.J. Mottes Company vs. John E.Matava, docket number CV 99-71158 S. With the consent of the parties, this matter were tried separately from the Mottes case.
On June 5, June 19, July 24 and July 25, 2001, the matter was tried to this court with the court allowing the parties to submit claims of fact and law on or before August 21, 2001.
From the testimony and evidence produced at the trial and after carefully assessing the credibility of the witnesses, the court finds the following, to have been proven.
The evidence clearly demonstrates that the plaintiff entered into a contract with the defendant in which the plaintiff was to construct a foundation for the defendant at his property at 151 Pinney Street in Ellington, Connecticut.
Credible evidence was presented that in September and October of 1998, the plaintiff did construct the foundation in accordance with the contract. The court also finds that price for said contract and its fair value was $2976.00.
Additional credible evidence was presented that despite repeated demands for payment for the construction of the foundation, the defendant has failed to make any payment to the plaintiff.
The court finds that the defendant was the owner of said subject property at 151 Pinney Street, Ellington, Connecticut at the time of the contract and its performance and was the person in charge of the construction of a building on said property.
The defendant claims that the plaintiff was responsible for the providing of concrete as part of the agreed upon price. The court finds that the purchase of concrete was not part of the contract price and was the sole responsibility of the defendant.
In addition, the defendant claims that the plaintiff failed to CT Page 13238 construct the property in accordance with the building plans plus applicable building codes. The defendant claims that the plaintiff failed to install steel reinforcement bars which are known as "rebars" in the foundation walls and as a result, the construction was defective, and structurally deficient as evidenced by cracks in the foundation. The plaintiff acknowledges that the reinforced bars were put in some of the walls but not all of them. Credible testimony was presented that the defendant was present during the construction process and choose to continue with the construction of the foundation by allowing the concrete to be poured. The defendant is entitled to a credit of $200.00 for the rebar that was not installed in the foundation
The evidence clearly shows that the foundation was completed in 1998 and never built upon as of the date of the trial. The foundation was subject to three winters in which it was exposed to the weather. Credible evidence was presented that exposure to variations of temperature, such as freezing and thawing during a winter, has a harmful effect upon unprotected foundations. No evidence was presented as to the time the cracks first developed.
The court cannot make a determination as to the exact cause of the cracks. There is no credible evidence that the cracks diminished the structural integrity of the foundation or prevented it from being used for its intended use.
The court finds through credible evidence that the plaintiff performed its obligations under the contract to construct a foundation that was structurally adequate for its intended use and was able to be built upon at its time of completion.
The court also finds that the defendant did not present any credible evidence to prove his counterclaim.
The defendant's expert Robert J. Gambino, Jr. submitted a bill to the plaintiff's attorney dated July 23, 2001 seeking $2,118.60 for being deposed by the plaintiff.
The court finds that the plaintiff is responsible for a reasonable expert fee in the amount of $875.00 for the expert's time in being deposed by the plaintiffs attorney.
Accordingly, the court hereby finds the sum of $2776.00 was due and payable by the defendant to the plaintiff on October 9, 1998 after taking into account the $200.00 credit and as such the court hereby enters judgment in favor of the plaintiff against the defendant for $2776.00 plus allowable costs. CT Page 13239
In addition, the court finds that the plaintiff is entitled to prejudgment simple interest at the rate often percent a year pursuant to Connecticut General Statutes § 37-3a for the period of October 9, 1998 to the date of this judgment. This interest is to compensate the plaintiff for a delay in obtaining money that rightfully belonged to the plaintiff and that the detention of the money by the defendant after it became payable was wrongful. Accordingly, interest is determined to be $818.16 which is ordered to be paid by the defendant to the plaintiff.
Judgment shall also enter for the plaintiff on the counterclaim.
In summary, Judgment shall enter for the plaintiff in the amount of $2,776.00 plus interest of $818.16 plus allowable costs. Judgment shall also enter for the plaintiff on the counterclaim. The plaintiff shall also be responsible for payment of $875.00 to the defendant's expert, Robert J. Gambino, Jr. for his deposition.
Edward C. Graziani Superior Court Judge